THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* RAÚL ORTIZ DÍAZ, Defendant and Appellant.

No. CR-65-399.        Decided July 14, 1967.

238

*Víctor Tirado Saltares, E. Armstrong de Watlington, Edna Abruña Rodríguez,* and *Enrique Miranda Merced* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Adaljisa Díaz Collazo, Assistant Solicitor General,* for The People.

MR. JUSTICE SANTANA BECERRA delivered the opinion of the Court.

Appellant assigns as the sole error in this appeal the refusal of the trial court to order that the preliminary hearing be again held before the magistrate, after having decreed the dismissal of the information and ordered the filing of the same again.

It appears from the record that on April 6, 1965, an information was filed against appellant charging him with having committed a crime against nature on or about November 19, 1964. On the back of the information it is stated that defendant was put in jail on said day, November 19, 1964. On April 13, 1965, defendant was arraigned and he pleaded not guilty. In the record there appears the following order of the trial court dated the same day, April 13:

"The court understands that the preliminary hearing of this case had already been held. There was a technical error and a new filing was ordered, for which reason the court dismissed it. The facts are the same and the preliminary hearing was held. Should a preliminary hearing be held the witnesses would

be the same and the judge would have the same evidence to determine probable cause."

The case was heard on May 11, 1965, appellant was convicted and ordered to serve 5 to 10 years in the penitentiary.

In the order of April 25, 1966, the trial court explains that the district judge had timely found probable cause in the preliminary hearing; that the information had been filed untimely; that defendant had requested the dismissal of the case for said reason; that the court sustained the petition and decreed the dismissal without prejudice, and ordered the prosecuting attorney to file a new information and that the hearing for the arraignment be set. At that time the defense raised the question that by reason of having failed to hold the preliminary hearing, this new information should be suspended or dismissed, or the case be sent to the District Court for the holding of said hearing and probable cause, to which the court did not consent. That is the error assigned.

■ The philosophy of the present Rules of Criminal Procedure and the great advancement worked by them in the former legislation and jurisprudence is that no one shall be submitted to the rigors of an adversative trial where his guilt or innocence of the commission of an offense shall be determined without *the Judicial Power itself* having previously determined probable cause for said prosecution. Rules 22(c), 23(c), 24(a)(b), 24(c), 35(a), and see Rule 38(c).

■ This last rule permits in the District Court, before the commencement of the trial, the addition of new counts to the complaint as well as the addition of new defendants "against whom the preliminary proceedings provided in Rules 6, 7, and 22 have been held." Logically, the foregoing implies that before attempting to add new counts to the complaint or new defendants, it is necessary to go through said preliminary proceedings for the purposes of such new counts or new defendants. As far as we know that is the only express situation in which after the proceeding has

passed the stage before the magistrate and is already in court, it must return to that stage.

Rule 64 (n) (2) provides for the dismissal of the information or complaint where, without just cause, the latter is not filed within 60 days of defendant's arrest or summons. Rule 67 establishes that the motion to dismiss is no bar to another prosecution for the same felony where the dismissal is decreed on the grounds of Rule 64 (n). In this case the trial court dismissed the information, without prejudice, on the ground that the latter had not been filed within the 90-day period fixed by Rule 64 (n) (2)' and ordered that it be filed again. We conceive that the order or leave for a new information was not indispensable in the light of the text of Rule 67.

■■ It is true that the information constitutes the first allegation on the part of The People in a prosecution in the Superior Court—Rule 34 (a)—and that the trial for the final determination of the innocence or guilt of a person cannot be carried through until the information is filed. But the filing of the information is only one stage in the whole criminal procedure to prosecute the offense, like the other separate stages of arraignment, trial and verdict, and the judgment. The proceeding to prosecute the offense does not commence with the filing of the information. By express provision of the rules in force it commences with the determination of probable cause and the subsequent arrest or summons, which is when the citizen is held responsible to answer, in an adversative trial in court, for the commission of an offense. Cf. People v. Superior Court; Figueroa, Intervener, 81 P.R.R. 445 (1959) ; cf. Martínez v. Superior Court, 81 P.R.R. 913 (1960). Otherwise the rule already established that formerly the arrest, and presently, the determination of probable cause and arrest or summons interrupt the prescriptive period of §§ 78 and 79 of the Penal Code, for the prosecution of the offense would be incorrect. See:

*People* v. *Rivera et al.*, 9 P.R.R. 363 (1905); *People* v. *Capestany et al.*, 37 P.R.R. 547 (1928); *People* v. *Báez*, 40 P.R.R. 13 (1929); *People* v. *Lugo*, 58 P.R.R. 185 (1941).

■ We agree with the trial court that under the circumstances of this case it was unnecessary and inofficious to return to the preliminary proceedings for the determination of probable cause when it ordered a new filing. This is not a new information containing different or additional charges or including other defendants. Rather than a new information, in its legal effect, this is the filing of the information *anew*.

It may be true that the information newly filed was subject to a motion of dismissal under Rule 64, but Rule 66 provides that . . . "If the court should grant a motion [to dismiss] based on a defect in the institution of the prosecution or in the information or complaint, it may also order the defendant to be held in custody or that his bail be continued for a specific time, *pending the filing of a new information* or complaint. Nothing contained herein can affect the provisions for prescription terms." This Rule 66, in the light of Rule 67, which permits another prosecution for the same offense in case of felony, rejects any attack under Rule 64 (n) to the new information filed in this case.

It must be explained that this case does not raise any problem on the right of a defendant to the prescription of his offense. The facts, as charged, occurred on November 19, 1964. According to the evidence, they could have occurred, maybe, days or weeks before. Even so this offense would not prescribe until a date close to November 19, 1967. It cannot be conceived that the dismissal of the first information and the filing of the other, which occurred on April 6, 1965, could have affected defendant's right of prescription. Even more, final judgment of conviction was pronounced on May 11, 1965, before one year after the commission of the offense.

The philosophy of the Rules was accomplished by the new filing of the information ordered, which submitted defendant to a trial, because the Judicial Power had already determined probable cause against him for those facts. For the reasons stated the judgment will be affirmed. Because of circumstances which appear from the record the minimum of 5 years imposed will be reduced to two years, and thus, the purpose of the indeterminate sentence will be best served.

Mr. Justice Ramírez Bages dissented in a separate opinion.

MR. JUSTICE RAMÍREZ BAGES, dissenting.

San Juan, Puerto Rico, July 14, 1967

I dissent because I believe that the second information filed in this case[1] does not constitute "another prosecution" to which Rule 67 of the Rules of Criminal Procedure refers.[2]

Rule 64(n) stems from § 448 of the Code of Criminal Procedure, 34 L.P.R.A. § 1631. This section was taken, in turn, from § 1382 of the Penal Code of California, such as it existed at the outset of the century.

The terms established in § 448 of the Code of Criminal Procedure were of (1) 60 days, after defendant was held for the filing of the information, and (2) 120 days, after the filing of the information, for the holding of the trial. In either premises no distinction was made as to whether or not defendant was arrested. Rule 64(n) does make a

---

[1] In *People* v. *Superior Court*, 84 P.R.R. 135 (1961), we said that a criminal prosecution in a Superior Court is commenced by the filing of an information. This does not mean that the criminal prosecution was necessarily commenced then, exclusively, with the filing of the information, but that that was the manner to commence it in the Superior Court.

[2] Rule 67 of the Rules of Criminal Procedure provides that: "An order granting a motion to dismiss is no bar to another prosecution for the same offense unless the defect or objection is incurable, or unless, in a misdemeanor, said motion is granted on any of the grounds enumerated in Rule 64(n)."

distinction, and to that effect, when the defendant is detained it fixes shorter terms than those in cases where the defendant has not been detained.

By virtue of the provisions of § 452 of the Code of Criminal Procedure (34 L.P.R.A. § 1635), the dismissal of a case for the reasons stated in §§ 448 to 452 of said Code barred another prosecution for the same offense, if the latter was a misdemeanor; but not so in case of a felony. See *People* v. *García*, 70 P.R.R. 210 (1950).

Since the effectiveness of the Code of Criminal Procedure in the year 1902 (the prosecuting attorneys were considered by § 13 of said Code as magistrates), and until July 25, 1952, effective date of our Constitution, the magistrates and the prosecuting attorneys had the power to determine probable cause, issue warrants of arrest, and fix and admit bail. *People* v. *Superior Court*, 75 P.R.R. 501 (1953).

Since July 25, 1952, the prosecuting attorneys were divested of said powers. *López* v. *Superior Court*, 79 P.R.R. 470 (1956); *People* v. *Superior Court, supra.* Such powers remained only in the hands of the judicial power, that is, in the hands of the magistrates. Not having such powers, the court was not obliged (as before) to order the clerk to issue a warrant of arrest against defendant as soon as the prosecuting attorney formulated the information charging the former with a public offense and filing the same. In order that the magistrate order defendant's arrest it was necessary to show the existence of probable cause. *People* v. *Superior Court, supra.*

However, although the prosecuting attorneys were no longer magistrates, and could not issue warrants of arrest or perform any judicial function, they still had power to determine the existence of probable cause to file informations. *People* v. *Quiñones*, 76 P.R.R. 894 (1954). In order that the prosecuting attorney could file an information it was not necessary for a magistrate to determine probable

cause for the arrest, that is, the prosecuting attorney could accuse without a previous determination of probable cause to arrest. *People* v. *Ortiz*, 76 P.R.R. 241 (1954).

It follows then, that until July 30, 1963, effective date of the Rules of Criminal Procedure, and particularly until Rule 23 of the Rules of Criminal Procedure went into effect on July 1, 1964, and by virtue thereof the requirement of the preliminary hearing before the filing of the information by the prosecuting attorney was established, the latter could file an information without taking any step, action or previous proceeding. Therefore, until then, the practice of the prosecuting attorney to file a new information was justified at law when the motion to dismiss was granted on the ground that the first information had not been filed within the 60 days after the arrest or summons, since actually, the new information constituted then one of the two forms of "any other prosecution" to which § 452 of the Code of Criminal Procedure then in force referred. Arrest constituted the other form. *People* v. *Superior Court*, 84 P.R.R. 22 (1961); *People* v. *Capestany et al.*, 37 P.R.R. 547 (1928); *People* v. *Rivera et al.*, 9 P.R.R. 363 (1905).

The situation previously set forth necessarily changed when the Rules of Criminal Procedure went into effect and particularly Rule 23 thereof. At the present time when a person is arrested under the circumstances prescribed by Rules 11 and 12 he must be taken without delay before a magistrate and forthwith file a complaint, and a warrant of arrest or summons may be issued, pursuant to Rules 6 and 7, by virtue of the provision of Rule 22. Otherwise, he may not be arrested except by filing a complaint and the determination of probable cause as provided in Rules 5, 6 and 7. Lastly, the complaint and the warrant of arrest or summons shall be remitted to the corresponding section and part of the Court of First Instance in cases of felonies for the purpose of holding the preliminary hearing provided in Rule 23

to determine whether there is probable cause to believe that an offense has been committed. It having been determined that there is probable cause, the magistrate shall forthwith hold the person to answer for the commission of the offense, and it is then, and only then, that the prosecuting attorney may file the appropriate information. Rule 24(b).

In *Pérez Vega* v. *Superior Court*, 93 P.R.R. 730 (1966) we said that: "Rule 34(a) is a definition of the information but it does not seek to establish limitations to the prescription of the offense. It can hardly be maintained that the machinery of the State is not set in motion against the accused until the day on which an information is formally filed and that nothing happens during the steps preceding determination of probable cause and arrest."

As we have previously shown, after the Rules of Criminal Procedure went into effect the criminal prosecution of a felony may not commence with the filing of the information, since before reaching said stage of the proceeding they should have (1) filed a complaint; (2) issued warrant of arrest; (3) remitted the complaint and the warrant of arrest to the corresponding section and part of the Court of First Instance; and (4) held the preliminary hearing. Therefore, when the information is dismissed for failure of having filed it within the 60 days of the arrest or summons, another information may be filed for the same offense but only by means of the "commencement" of another prosecution in the manner we have just recited.

In the case of *People* v. *Superior Court*, 94 P.R.R. 56 (1967), we stated that:

"The record does not show the existence of a situation under *Rule* 64(n), and even though the court sought to act under it, the record would evidently show the presence of good cause for any delay. Likewise the court did not have power to authorize the interruption of prescription terms. Although the order of June 25, 1964 declaring defendant fugitive from justice men-

tions as interrupted any term invoked by the defendant pursuant to the provisions of *Rule* 64, the judgment object of this petition does not specify which prescription the court refers to. If it refers to that of *Rule* 64(n) [italics in the original], *it was unnecessary to so provide because once the dismissal of the information is ordered, the new prosecution for the same offense is begun, if a felony. If it is a misdemeanor the dismissal definitively precludes new prosecution.*—Rule 67." (Italics ours.)

It is argued that according to Rule 66 of the Rules of Criminal Procedure the filing of a new information was proper in this case. We are told that the decision in *People v. Superior Court*, 94 P.R.R. 56, does not have the scope we have attributed to it, but the scope sought to be attributed is not stated.

We conclude that Rule 66 is not applicable to the circumstances of the case at bar. In relation to motions to dismiss the information, complaint or any charge thereof, this Rule establishes that:

"If the motion is based on a defect in the information, complaint or bill of particulars curable by amendment, the court shall order the amendment to be made and deny the motion. If the court should grant a motion based on a defect in the institution of the prosecution or in the information or complaint, it may also order the defendant to be held in custody or that his bail be continued for a specific time, pending the filing of a new information or complaint. *Nothing contained herein can affect the provisions for prescription terms.*" (Italics ours.)

Said Rule stems from §§ 147, 148, and 157 of the Code of Criminal Procedure (34 L.P.R.A. §§ 333, 334, and 368) which in turn stem from §§ 997, 998, and 1008 of the Code of Criminal Procedure of California.

Sections 147 and 148 of the former Code of Criminal Procedure were in Chapter 21 of said Code. Said chapter established (§§ 145–149) that an information charging a

felony not signed and verified by the prosecuting attorney shall be dismissed by the court.[3] Said §§ 147 and 148 are related to the hearing of the motion to that effect, the corresponding order and with the order of the court for the filing of a new information.

In *People* v. *Barbosa*, 34 P.R.R. 106 (1925), an information was filed and it was dismissed because more than one hundred twenty days had elapsed without defendant having been brought to trial. A new information was filed and the defendant moved for its dismissal by reason that the court failed to order, in dismissing the first information, that a new one be filed. Based on § 148 of the Code of Criminal Procedure appellant alleged that in the absence of said order the prosecuting attorney was not empowered to file a new information. We pointed out in said case that "Section 148 of the Code of Criminal Procedure, relied upon by the appellant, is not applicable. It does not refer to the dismissal of a prosecution, but to the quashing of an indictment when the court orders that a new indictment be filed and the defendant remains in custody or on bail." See also, *Falero* v. *District Court*, 39 P.R.R. 426 (1929); and *People* v. *Maldonado*, 38 P.R.R. 317 (1928). It is evident, then, that said section was not applicable in cases where the information was dismissed for having failed to file it or to hold the trial within the term prescribed by law.

Section 157 of the aforementioned code stated that an order allowing a demurrer is a bar to another prosecution for the same offense, unless the court is of the opinion that the objection on which the demurrer is allowed may be brought in a new information and directs the same to be filed. As we see, this section referred to an order allowing

---

[3] The present Rule 64(c) of the Rules of Criminal Procedure establishes as grounds of motion to dismiss "That the information or complaint has not been duly signed or verified."

a demurrer and not to the dismissal for having failed to file information or to hold the trial on time.

From the origin of the afore-cited Rule 66 and from the afore-cited case law it is justified to conclude that said Rule does not contemplate the situation at bar. Assuming that it did, it would have to be construed together with Rule 67 and the latter is clear as to the fact that the proper thing is the commencement of a new prosecution. So that if pursuant to Rule 66 the alleged offender was subject to the filing of a new information, the latter would only be proper as a result of the previous commencement of a new prosecution. (Rule 67.)

Rule 66 provides that nothing contained therein can affect the provisions for the prescription terms. Said provision, being couched in general and broad terms, leads us to conclude that the provision in Rule 66 is limited to the case of defects in the presentation or institution of the prosecution or in the information or complaint, and that it does not cover or govern or affect, in any manner whatsoever, the case of a dismissal of the information by reason of the prescription provided in Rule 64(n).

If we sustained the Solicitor General's position, we would confront the situation that if for the first information the term of 60 days had elapsed, at the time of filing the second information said term must have necessarily elapsed unless it was not applicable to a second information. (See *Falero* v. *District Court, supra; People* v. *Ruiz,* 58 P.R.R. 641 (1941); *People* v. *Comas,* 75 P.R.R. 388 (1953)), or unless for the second information the term was counted from the arrest or summons.

To sustain the Solicitor General's position would be to belittle Rule 64(n)(2) since the practical effect would be its elimination because once it is violated the only proper thing to do is to wait for the day when the motion in question is to be presented and file a new information. Or as

soon as the prosecuting attorney realizes that he cannot file the information in time instead of preparing one copy of the information he prepares two, files one untimely and when the motion of dismissal is presented he files the other copy.

In the case of *People* v. *Lugo*, 58 P.R.R. 185 (1941), we stated that the prescriptive term of three years that limits the exercise of a criminal action in felony cases, set out by § 78 of the Penal Code (33 L.P.R.A. § 232) with the exceptions therein stated, is not interrupted by the arrest or arrests performed for the purpose of another or other informations for the same offense, which were filed away because the trial was not held within the term fixed by the law. To the same effect see *People* v. *Superior Court*, 94 P.R.R. 56; *People* v. *Superior Court*, 84 P.R.R. 22 (1961). We have also decided that the prescriptive period is interrupted by the commencement of the criminal prosecution. *Pérez Vega* v. *Superior Court*, 93 P.R.R. 730 (1966); *People* v. *Superior Court*, *supra*. If in the case at bar it were enough to file a new information or to file the same which had already been filed, we would have to confront the following problem: The second information having been filed and for the purpose of the prescription of the offense, what arrest will interrupt said prescriptive period? Not the arrest which followed the facts charged in the dismissed information, because the first information having been dismissed, said arrest, as we have decided, does not interrupt the prescriptive period. Would it be interrupted then by the filing of the new information? In *Pérez Vega*, *supra*, we stated that the filing of the information does not interrupt said prescriptive period.

In view of the foregoing we believe, contrary to the opinion of the majority of the court, that prior to the filing of the second information, it was proper to file a complaint and issue a warrant of arrest or summons against appel-

lant as well as the holding of the preliminary hearing pursuant to the provisions of Rules 5, 6, 7, 23, and 24 of the Rules of Criminal Procedure and that, therefore, the first information having been dismissed "another prosecution" should have been properly commenced. As it was not done we should have reversed the judgment rendered in this case.